IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL DAVID SCHMIDT, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 12-462-RAW-KEW |
| EDWARD EVANS,<br>Interim DOC Director,[1] | ) ) ) ) |
| Respondent. | ) ) |

### OPINION AND ORDER

This matter is before the court on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, a former inmate of the Oklahoma Department of Corrections, is challenging his sentence in Wagoner County District Court Case No. CF-2009-471 for two counts of Assault and Battery with Deadly Weapon (Counts 1 and 2) and Protective Order Violation, a Misdemeanor (Count 4). He raises the following grounds for relief:

    I.    Illegal Sentencing

    II.    Wrongful Detainment

    III.    Material Breach of Contract, Plea Agreement

    IV.    Abuse of Discretion/Misuse of Power

The respondent alleges petitioner has failed to exhaust his state court remedies for his claims. Petitioner has not responded to the motion.

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In

---

[1] Petitioner has advised that he was released from imprisonment on December 3, 2012, to serve the remainder of his challenged sentence as a three-year suspended sentence. Therefore, the proper respondent is Edward Evans, the Interim DOC Director.

federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

Petitioner acknowledges he never raised any of these issues to the Oklahoma Court of Criminal Appeals, claiming he is barred from filing an application for post-conviction relief on a sentence that has been discharged. He, however, asserts he has given "declaratory notice" to the Wagoner County District Court through a Motion to Vacate Sentence in Part. The record shows that since petitioner filed this habeas petition, the Wagoner County District Court has ruled on the Motion to Vacate by entering the following order:

> Balance of Defendant's Sentence Suspended; Def. to have no contact with Nancy Knebel or David Keyes; Defendant to be released from custody. Defendant still has 3 yr suspended sentence to serve.

*State v. Schmidt*, Nos. CF-2009-471 and CM-09-1062 (Wagoner County Dist. Ct. Dec. 3, 2012) [Docket No. 15-1].

While petitioner alleges there is no state corrective process available to him, he has cited no authority that he cannot file a certiorari or post-conviction appeal in this case. Oklahoma generally requires a criminal defendant to raise all available claims on direct appeal. *Castro v. State*, 880 P.2d 387, 388 (Okla. Crim. App. 1994), *cert. denied*, 514 U.S. 1024 (1995). The Oklahoma Post-Conviction Procedure Act, however, provides:

> All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a

2

> subsequent application, *unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the prior application.*

Okla. Stat. tit. 22, § 1086 (emphasis added). The Post-Conviction Procedure Act, therefore, is available to an inmate who alleges he was denied a direct appeal through no fault of his own. The court, therefore, finds this habeas petition is unexhausted and must be dismissed.

**ACCORDINGLY,** the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus for failure to exhaust state court remedies [Docket No. 14] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 17th day of September 2013.

*Ronald A. White*
**RONALD A WHITE**
**UNITED STATES DISTRICT JUDGE**